Robert A. & Josephine Phillips v. Commissioner.
Phillips v. Commissioner
Docket No. 16012.
United States Tax Court
1949 Tax Ct. Memo LEXIS 150; 8 T.C.M. (CCH) 587; T.C.M. (RIA) 49151; June 20, 1949
*150 Robert A. Phillips, pro se. L. C. Aarons, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income taxes for the calendar year 1944. Deficiency was determined in the amount of $230.67. Respondent's amended answer asks for $11.53 as 5 per cent penalty under section 293(a) of the Internal Revenue Code. The question presented is the propriety of certain deductions. The petition alleges error in denial of deductions of contributions, interest, taxes, losses, medical expenses, and miscellaneous expenses. We make the following Findings of Fact The petitioners are husband and wife, residing in Los Angeles, California. Their joint return for the year involved was filed with the collector for the sixth district of California. It showed receipt of income of $4,425 from "Northrop Aircraft, Inc." (for whom petitioner Robert A. Phillips was a supervisor), with deductible expense of $688.50, net $3,736.50. Deductions, including the $688.50, were claimed in the total amount of $1,484.72. This also included $196.67 medical and dental expenses ($383.50 less 5 per cent of income). The deductions claimed *151 were: Contributions $246; interest $176.69; taxes $126.86; losses $50; medical and dental expenses $196.67; "deductible expense" (miscellaneous) $688.50; a total of $1,484.72. Of these amounts the Commissioner allowed, in the determination of deficiency, the following: Contributions $75; interest $176.69 (the amount claimed); taxes $111.86; losses - nothing; medical and dental expenses $64.25; deductible (miscellaneous) expenses $54; a total of $481.80. The petitioners during the taxable year paid the following expenses, under the headings indicated: Contributions: To church $52; to Red Cross $6; Christmas Seal Fund $2; Salvation Army $5 cash, $10 in clothing; China Relief $2; U.S.O. $17.50; Disabled American Veterans $1; Good Will Society $15; March of Dimes $2; P.T.A. $3; Girl Scouts $1; American Legion $1; Veterans of Foreign Wars $1; Rescue Mission $2.50; War Chest $8; Soldiers & Sailors and Army and Navy Relief $2; total $134. Interest: On mortgage on petitioners' home $152.63; interest on note $29.07; total $181.70. Taxes: On real estate $58.92; personal property $2.50; license tax on car $9.10; sales tax $25; total $95.52. Medical and Dental Expenses: Paid to Dr. Hatcher *152 $76; to Dr. Starr $25; to Dr. Zingrang $14; Yale Street Health Center $10; Dr. Cady $7.50; Dr. Smiley $25; Dr. Hill $10; Health and Accident Insurance $103.20; vitamins, prescriptions, medicine $80; total $350.70. Miscellaneous Expenses: Special shoes used at work and repair thereof $20; gas, depreciation, oil, and repairs on car used in work $400; telephone used in business $24; unemployment insurance $30; total $474. Petitioner Robert A. Phillips in connection with his work for Northrup Aircraft found it necessary to use his automobile, not only for going to and from his work but in carrying on his work and going from one business location to another. He suggested to his employer that he be compensated therefor but received no compensation and was instead told that the use of his car had contributed to his efficiency and was asked whether he was not satisfied with his rate of pay; after which he considered that he would have to include the use of his car as a part of his own expense. The amount allowed as deduction for the use of the car does not include its use in going to and from work. Opinion The above findings of fact have been arrived at in part from records produced *153 and in considerable part by making allowances under the doctrine of Cohan v. Commissioner, 39 Fed. (2d) 540, where proof has consisted of estimates or has otherwise been weak. Petitioner claimed a loss of $50 because of a storm which affected his house, but not only was proof insufficient to show any definite amount expended but there is no proof whatever that any such loss was not compensated for by insurance or otherwise within the intendment of section 23(e)(3). The amount of medical and dental expense proven in the total sum of $350.70 includes $103.20 for health and accident insurance. Section 23(x) of the Internal Revenue Code allows the deduction of such expenses only if not compensated for by insurance or otherwise. Apparently the petitioner had such insurance. At least it is not shown that the health and accident insurance, paid for in the amount of $103.20, did not cover these medical and dental expenses and cause compensation therefor. The respondent has not raised this point, of lack of compensation by insurance or otherwise, but with an affirmative showing that there was health insurance we can not logically overlook it. Therefore, deduction *154 of medical and dental expenses is disallowed for lack of proof. The petitioners claimed deduction of $100 as expense of laundry of working clothes. The item has been disallowed since the evidence indicates that, except as to shoes, his apparel at work was such as would be used and worn not only at work but elsewhere. There is no evidence that the clothing was used only while at work. On the claim of deduction for $48 for business telephone, one-half or $24 has been allowed, since the evidence indicates that a telephone was to some extent necessary to petitioner in his business but was also used for personal purposes. The petitioners' claim for the use of his car, that is, depreciation, gas, oil, and repairs thereon has been allowed in part, under the Cohan case, since the evidence indicates that it was necessary for him to use it in order to retain his position and earn his salary, and that he was not compensated therefor. Except as otherwise above stated, the amounts above found to have been expended by petitioners are approved as deductions. Respondent's claim for 5 per cent penalty under section 293 (a) of the Internal Revenue Code is denied. Decision will *155 be entered under Rule 50.